The People of Puerto Rico, Plaintiff and Appellee, *v.* Angel Arrieta Ríos, Defendant and Appellant.

No. 10158.   Argued November 12, 1943.—Decided December 22, 1943.

*Celestino Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for appellant.   *R. A. Gómez, Prosecuting Attorney (Fiscal),* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

Angel Arrieta was convicted of malicious mischief and in the present appeal he maintains that the lower court erred "in failing to consider and apply . . . the rule to the effect that for an offense allegedly committed by the accused to constitute malicious mischief it must appear that the mischief done by him was by itself the aim and purpose of the act and not that it was incidental to some other act lawful or unlawful," inasmuch as in the instant case the necessary degree of malice does not exist, and because the judgment is contrary to the evidence.

The evidence, which was believed by the trial court, shows that on September 26, 1942, several people, party workers, were travelling in a car along a road, a highway according to some witnesses and a private road according to others, which crosses a property belonging to the Central Juanita of Bayamón; that they carried in said car an amplifier connected with some microphones by means of which propaganda was made against the Central Juanita and its owners;

that said people proceeded as far as the end of the road and on their return met the accused who had barred the way with his car; that the accused went to the car of the party workers and snatched from it a flag which was being carried by them and, using its staff broke the amplifiers, rendering them useless.

There is nothing in the evidence, not even in that for the defendant, to show that the party workers had uttered offensive language against the accused personally; on the contrary, Angel Rodríguez, a witness for the defendant, testified that what was there said by those travelling in the car "was all in connection with the Central Juanita, Inc., without at any time referring to don Angel."

In challenging the judgment, the appellant in his brief does not deny that he damaged the amplifiers, but simply maintains that it was not proven that he had been prompted by malice, this being an essential element of the crime charged. We think that the evidence believed by the lower court is sufficient to support the judgment. In the recent case of *People* v. *Hernández*, 61 P.R.R. 565 we made a resumé of the jurisprudence on the matter and held, as appears from the syllabus that " . . . malice may be inferred from declarations, from prior acts and even from the peculiar malignity of the act," and that "Irrespective of the kind or degree of malice required to constitute the crime of malicious mischief, the motive prompting the defendant is the test of the criminality of the act."

In view of the attendant circumstances in the instant case, the motive that prompted the accused to break the amplifiers was the fact that a political propaganda was being made against the Central Juanita. Such fact, however, did not in itself justify his intention for, as we have stated, there is nothing in the evidence to show that he was personally insulted or provoked. If the party workers were not entitled to travel over the road, or if they broke the law in some

other way, it was not proper for the accused to act as he did. Courts of law exist for that purpose.

We do not consider that the conduct of the accused was incidental to some other act on his part and that therefore there was no malice, since the evidence believed by the court shows that the incident to which the accused refers occurred afterwards and as a consequence of his having broken the amplifiers.

The judgment appealed from must be affirmed.

Mr. Justice Snyder did not participate herein.